```
 UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MICHAEL KATZ, individually and on behalf    :
of all others similarly situated,                              :
                                 Plaintiff,    :               **OPINION AND ORDER**
                                                               :
v.                                                             :   12 CV 9193 (VB)
                                                               :
CELLCO PARTNERSHIP d/b/a VERIZON            :
WIRELESS,                                                      :
                                 Defendant.   :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Michael Katz brings this putative class action against defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), asserting claims under New York state law for breach of contract and consumer fraud based on an administrative charge assessed by Verizon.

Before the Court are plaintiff's motion to partially confirm and partially vacate two arbitration awards (Doc. #72), and plaintiff's motion to strike from the record and/or preclude admissibility of all of Verizon's references to an unrelated arbitration award and the court's confirmation thereof. (Doc. #83). In addition, as discussed below, the Court construes Verizon's opposition to plaintiff's motion to partially vacate as a motion to confirm the arbitration awards. (Doc. #82).

For the following reasons, plaintiff's motion to partially confirm and partially vacate is GRANTED IN PART and DENIED IN PART; plaintiff's motion to strike is DENIED; and Verizon's motion to confirm is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

1

**BACKGROUND**

The following factual background is drawn from the parties' submissions in support of and in opposition to the pending motions.

Plaintiff is a former Verizon subscriber. In 2012, he assigned his account to his non-marital partner, Rita Lenda, but continued to pay the account bills. Included in those bills was a monthly administrative charge ranging from $0.40 in 2005 to $0.99 in 2012.

In 2011, plaintiff agreed to Verizon's customer agreement, which contained an arbitration clause requiring the parties "to resolve disputes only by arbitration or in small claims court." (Opp'n Ex. 1). Section 3 of the arbitration agreement provides further, in upper case letters and bold font: "This agreement doesn't allow class arbitrations even if the AAA or BBB procedures or rules would. The arbitrator may award money or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim." (Id.).

On December 18, 2012, plaintiff filed a complaint in this Court asserting putative class action claims for breach of contract and consumer fraud under New York's General Business Law ("GBL") Section 349, and seeking a declaratory judgment that enforcement of the arbitration agreement would violate Article III of the United States Constitution.

On March 1, 2013, plaintiff moved for partial summary judgment on his declaratory judgment claim and Verizon cross-moved to compel individual arbitration. On December 12, 2013, the Court denied plaintiff's motion, granted Verizon's motion, and dismissed the case.

On July 28, 2015, the Second Circuit affirmed the denial of plaintiff's motion for partial summary judgment and the grant of Verizon's motion to compel arbitration. However, the Circuit vacated and remanded in part with instructions to stay the proceedings pending

arbitration. By Order dated August 26, 2015, this Court stayed the case pending arbitration. (Doc. #46).

On May 9, 2016, plaintiff filed an Amended Demand for Arbitration before the American Arbitration Association, which sought a declaration regarding the enforceability of Section 3 of the arbitration agreement; damages for breach of contract and consumer fraud under GBL Section 349; and individual and general injunctive relief under GBL Section 349. The same day, Verizon moved this Court to determine whether the arbitration agreement permitted plaintiff to seek general injunctive relief.

On May 27, 2016, the Court denied Verizon's motion, holding the issue was for the arbitrator to decide in the first instance. The Court also denied plaintiff's cross-motion for attorney's fees and costs. (Docs. ##62, 63).

On October 28, 2016, the arbitrator issued a decision (the "October 2016 Decision") granting Verizon's motion for summary disposition and holding plaintiff could not seek general injunctive relief under GBL Section 349—i.e., relief "on behalf of all present and future customers of Verizon who are or may be in the future subjected to the alleged Verizon's wrongful and deceptive Administrative Charge practices." (Weinstein Decl. Ex. 1). The arbitrator found, "[w]hile Section 349 of the GBL grants authority to the Attorney General of New York State to seek relief on behalf of all Verizon customers, there is no language in the statute granting the same power to individuals." (Id.).

On December 13, 2016, Verizon tendered a check to plaintiff for $1,500, stating the check represented a full refund of the disputed administrative charge plus the maximum amount to which plaintiff was entitled in damages. Plaintiff rejected the tender.

3

On June 29, 2017, the arbitrator issued a second decision (the "June 2017 Decision") granting Verizon's motion for judgment on the pleadings. The arbitrator found plaintiff was "not a customer of Verizon and that he has no obligation to pay the Verizon bill of his non-marital partner and therefore lacks standing to seek individual injunctive relief under GBL Sec. 349." (Weinstein Decl. Ex. 2). The arbitrator also found plaintiff had not disputed that $1,500 represented the full amount in dispute. The arbitrator thus rejected plaintiff's request for individual injunctive relief and an accounting, and ordered Verizon to pay plaintiff $1,500 without interest and $500 in attorney's fees. The arbitrator also awarded arbitrator compensation in the amount of $13,962.50, to be paid by Verizon pursuant to the arbitration agreement.

Plaintiff seeks to confirm the October 2016 Decision to the extent it holds Section 3 of the arbitration agreement is enforceable and vacate it in all other respects under Federal Arbitration Act ("FAA") Section 10(a). Plaintiff further seeks to vacate the June 2017 Decision in its entirety under FAA Section 10(a), and to vacate those parts of the October 2016 Decision and the June 2017 Decision (collectively, the "Decisions") that constitute rulings of law, on the ground that plaintiff's alleged involuntary consent to the standard of review under FAA Section 10(a)(4) amounted to a deprivation of due process under the Fifth Amendment.

## DISCUSSION

I. <u>Legal Standard</u>

"Federal court review of an arbitral judgment is highly deferential." <u>Pike v. Freeman</u>, 266 F.3d 78, 86 (2d Cir. 2001). Indeed, "[a] court's review of an arbitration award is . . . 'severely limited,' so as not to frustrate the 'twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" <u>Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.</u>, 668 F.3d 60, 71–72 (2d Cir. 2012) (citations omitted).

4

"The confirmation of an arbitration award under FAA [Section] 9 is thus generally 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" Kerr v. John Thomas Fin., 2015 WL 4393191, at *3 (S.D.N.Y. July 16, 2015) (quoting D.H. Blair & Co. v. Gottdienier, 462 F.3d 95, 110 (2d Cir. 2006)).

"An arbitration award may be vacated if: (i) the award was procured by 'corruption, fraud or undue means'; (ii) the arbitrators exhibited 'evident partiality' or 'corruption'; (iii) the arbitrators were guilty of 'misconduct' or 'misbehavior' that prejudiced the rights of any party; or (iv) the arbitrators 'exceeded their powers.'" Singh v. Raymond James Fin. Servs., Inc., 2014 WL 11370123, at *2 (S.D.N.Y. Mar. 28, 2014) (quoting 9 U.S.C. § 10(a)), aff'd, 633 F. App'x 548 (2d Cir. 2015) (summary order). "In addition, as 'judicial gloss on the[se] specific grounds for vacatur of arbitration awards, . . . the court may set aside an arbitration award if it was rendered in 'manifest disregard of the law.'" Schwartz v. Merrill Lynch & Co., Inc., 665 F.3d 444, 451 (2d Cir. 2011) (citations omitted).

"[T]he burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 103–04 (2d Cir. 2013) (quoting Rich v. Spartis, 516 F.3d 75, 81 (2d Cir. 2008)).

II. Motions to Vacate and/or Confirm

    A. Confirmation of the Decisions

Plaintiff seeks to partially confirm and partially vacate the Decisions. Verizon opposes the motion to vacate and, although Verizon does not cross-move to confirm the Decisions, Verizon states, "this Court should either confirm the decision in its entirety, or reject Katz's

challenges to the arbitration decision and simply allow the decision to remain in effect." (Opp'n at 1 n.1).

"[W]hen a party moves for the court to consider the merits of an arbitration award, the court may treat that motion as a motion to confirm." Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C., 556 F. Supp. 2d 329, 332 n.1 (S.D.N.Y. 2008).

Accordingly, because Verizon requested that the Court confirm the Decisions in their entirety, and because a motion to confirm and a motion to vacate an arbitration award "submit identical issues for judicial determination," Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C., 556 F. Supp. 2d at 333, the Court construes Verizon's opposition as a motion to confirm the Decisions.

B.  October 2016 Decision

Neither party contests the portion of the October 2016 Decision confirming the enforceability of Section 3 of the arbitration agreement.

However, plaintiff seeks to vacate parts of the October 2016 Decision on the grounds that the arbitrator exceeded his authority and manifestly disregarded the law.

The Court is not persuaded.

1.  Exceeded Authority

Plaintiff argues Section 3 of the arbitration agreement, which prohibits the arbitrator from awarding general injunctive relief, makes plaintiff's claim for general injunctive relief under GBL Section 349 non-arbitrable. Plaintiff thus argues the arbitrator exceeded his authority by ruling GBL Section 349 does not permit general injunctive relief.

The Court disagrees.

"[A]n arbitrator may exceed her authority by, first, considering issues beyond those the parties have submitted for her consideration, or, second, reaching issues clearly prohibited by

law or by the terms of the parties' agreement." Jock v. Sterling Jewelers Inc., 646 F.3d 113, 122 (2d Cir. 2011). The Court must "uphold an award so long as the arbitrator 'offers a barely colorable justification for the outcome reached.'" Id. (citation omitted). However, the court must vacate an award when "the law or the parties' agreement categorically prohibits the arbitrator from reaching an issue so that, in reaching that issue, the arbitrator exceeds her authority." Id. at 123. When "the challenge is to an 'award deciding a question which all concede to have been properly submitted [to the arbitrator] in the first instance,' vacatur under the excess-of-powers standard is appropriate only in the 'narrowest' of circumstances." Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv., 754 F.3d 109, 113 (2d Cir. 2014) (quoting Jock v. Sterling Jewelers Inc., 646 F.3d at 122) (footnote omitted).

Here, plaintiff requested the arbitrator issue an injunction on behalf of "all of its existing and future New York customers." (Weinstein Decl. Ex. 3 ¶ 83; see also id. Ex. 1), thus conceding the question was properly submitted in the first instance. Vacatur under the excess-of-powers standard therefore is appropriate only in the narrowest of circumstances.

Those circumstances are not present here. As this Court previously held, "the issue presented regarding the relief sought in arbitration addresses the remedies the arbitrator may award, not whether a particular dispute may be properly arbitrated in the first instance." (Doc. #63 at 16); see also Schatz v. Cellco P'ship, 842 F. Supp. 2d 594, 604 (S.D.N.Y. 2012). Accordingly, the arbitrator's decision that Section 3 is enforceable affects the remedies the arbitrator may award, but it does not prohibit the arbitrator from determining whether GBL Section 349 permits general injunctive relief.

Therefore, the arbitrator did not exceed his powers under Section 3 of the arbitration agreement by holding GBL Section 349 does not permit general injunctive relief.

2. <u>Manifest Disregard of the Law</u>

Plaintiff next argues the arbitrator manifestly disregarded the law by holding plaintiff was not entitled to general injunctive relief under GBL Section 349.

The Court disagrees.

"To vacate an award on the basis of a manifest disregard of the law, the court must find 'something beyond and different from mere error in the law or failure on the part of the arbitrators to understand or apply the law.'" <u>Jock v. Sterling Jewelers Inc.</u>, 646 F.3d at 121 n.1 (quoting <u>Westerbeke Corp. v. Daihatsu Motor Co., Ltd.</u>, 304 F.3d 200, 208 (2d Cir. 2002)). "The two part showing requires the court to consider, first, 'whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable,' and, second, whether the arbitrator knew about 'the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it.'" <u>Id</u>. (quoting <u>Westerbeke Corp. v. Daihatsu Motor Co., Ltd.</u>, 304 F.3d at 209). A party must "clearly demonstrate[] 'that the panel intentionally defied the law.'" <u>STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC</u>, 648 F.3d 68, 78 (2d Cir. 2011) (citation omitted). The Court will uphold an award when the arbitrator does not explain the reason for his decision if the Court can discern any valid ground for it. <u>See</u> <u>id</u>.

Here, plaintiff's arguments amount to a mere disagreement with the outcome of the arbitration. <u>Cf</u>. <u>Bradley v. Merrill Lynch & Co., Inc.</u>, 344 F. App'x 689, 690 (2d Cir. 2009) ("Other than disagreeing with the outcome, [appellant] has failed to provide any support for her claims that the arbitration panel . . . displayed a manifest disregard of the law."). Moreover, the arbitrator had valid grounds for his decision, as GBL Section 349 is <u>silent</u> as to whether private individuals may bring claims for general injunctive relief.

8

Therefore, the arbitrator did not manifestly disregard the law by holding plaintiff was not entitled to general injunctive relief under GBL Section 349.

C. June 2017 Decision

Plaintiff seeks to vacate parts of the June 2017 Decision on the grounds that the arbitrator exceeded his powers and manifestly disregarded the law. Plaintiff also seeks to vacate the June 2017 Decision in its entirety on the grounds that there was evident partiality or corruption in the arbitrator, and the arbitrator was guilty of misconduct.

The Court is not persuaded.

1. Exceeded Authority

Plaintiff first argues the arbitrator exceeded his authority by awarding attorney's fees in the amount of $500 without requesting documentation from plaintiff and without the parties having attempted to agree on the issue. According to plaintiff, Verizon's tender required plaintiff to provide Verizon with information regarding the amount of attorney's fees owed, and Verizon to then tender payment for attorney's fees; the arbitrator only had the authority to reach the issue if the parties could not agree on the amount.

The Court must vacate an award when "the law or the parties' agreement categorically prohibits the arbitrator from reaching an issue so that, in reaching that issue, the arbitrator exceeds her authority." Jock v. Sterling Jewelers Inc., 646 F.3d at 123.

Here, there was no agreement—plaintiff rejected Verizon's tender. Thus, the issue of attorney's fees was properly before the arbitrator.

Therefore, the Court finds the arbitrator did not exceed his powers by awarding attorney's fees in the amount of $500.

2. Manifest Disregard of the Law

Plaintiff next argues the arbitrator manifestly disregarded the law by ruling that Verizon must pay plaintiff $1,500 without interest. Specifically, plaintiff argues the arbitrator did not justify his decision and ignored controlling cases—Radha Geismann, M.D., P.C. v. Zocdoc, Inc., 850 F.3d 507 (2d Cir. 2017), and Horn Waterproofing Corp. v. Bushwick Iron & Steel Co., 66 N.Y.2d 321 (1985)—in forcing Verizon's tender of $1,500 on plaintiff.

The Court disagrees.

An arbitrator does not intentionally defy the law, and thereby manifestly disregard the law, when a party fails to identify "authority clearly on point that expressly rejects" the possible rationales for the arbitrator's decision. See GMAC Real Estate, LLC v. Fialkiewicz, 506 F. App'x 91, 93 (2d Cir. 2012) (summary order).

Here, plaintiff has failed to identify authority clearly on point that rejects the possible rationales for the arbitrator's decision. In fact, there is support for the arbitrator's decision to enter judgment in the amount of Verizon's tender. Leyse v. Lifetime Entm't Servs, LLC, 679 F. App'x 44, 48 (2d Cir. 2017) (summary order) (when defendant deposits full amount of plaintiff's claim in account payable to plaintiff, court may enter judgment for plaintiff in that amount). Thus, plaintiff has failed to establish the arbitrator intentionally defied the law.

Because the arbitrator did not intentionally defy the law, he did not manifestly disregard the law by ruling Verizon must pay plaintiff $1,500 without interest.

3. Misconduct

Plaintiff also argues the arbitrator is guilty of misconduct for denying plaintiff the right to take limited discovery and for opining during a December 16, 2016, telephone conference that plaintiff wanted discovery so he could use it in another case against Verizon.

The Court disagrees.

A court may vacate an arbitration award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "[M]isconduct occurs under this provision only where there is a denial of 'fundamental fairness.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d at 104 (citation omitted). "Thus, under [the Second Circuit's] narrow construction, when a party seeks to vacate an arbitration award based on evidence that is 'too remote' an arbitration decision may not be opened up to evidentiary review." Id. (citation omitted). The exclusion of testimony concerning collateral issues not material to the arbitrator's decision does not violate fundamental fairness. See Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 820 F.3d 527, 546 (2d Cir. 2016).

Here, the discovery plaintiff sought was collateral to the issues on which the arbitrator resolved the case—namely, Verizon's tender offer and plaintiff's lack of standing. Thus, the arbitrator's decision not to allow discovery "fits comfortably within his broad discretion to admit or exclude evidence and raises no questions of fundamental fairness." Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 820 F.3d at 546.

Moreover, the December 16, 2016, telephone conference in which the arbitrator opined that plaintiff wanted discovery so plaintiff could use it in another case against Verizon does not constitute arbitrator misconduct. In particular, plaintiff fails to show how the arbitrator's statement during the telephone conference denied him fundamental fairness.

Therefore, the arbitrator is not guilty of misconduct for denying plaintiff the right to take limited discovery or because of his statements during the December 16, 2016, telephone conference.

    4.    <u>Partiality</u>

Finally, plaintiff argues there was evident partiality on the part of the arbitrator because Verizon paid his mandatory fees, which plaintiff argues were more than nine times the amount to which he was entitled. Plaintiff also relies on the December 16, 2016, telephone conference in which the arbitrator opined plaintiff wanted discovery so plaintiff could use it in another case against Verizon as evidence of partiality.

The Court disagrees.

Evident partiality must be shown by clear and convincing evidence, <u>Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust</u>, 729 F.3d at 106, and "may be found only 'where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration,'" <u>id</u>. at 104 (citation omitted). "Although a party seeking vacatur must prove evident partiality by showing 'something more than the mere appearance of bias,' '[p]roof of actual bias is not required.'" <u>Id</u>. at 104 (citations omitted) (alterations in original). "Rather, 'partiality can be inferred from objective facts inconsistent with impartiality.'" <u>Id</u>. (citation omitted). "A showing of evident partiality must be direct and not speculative." <u>Id</u>. The same standard applies for cases alleging evidence of corruption. <u>See id</u>. An arbitrator's statement that he would issue a ruling in one party's favor does not "rise to the level of bias or corruption necessary to vacate an arbitration award under § 10(a)(2)." <u>Id</u>. at 106.

Here, the arbitration agreement provided for Verizon's payment of the arbitrator's fees. Moreover, even if those fees exceeded the amount to which the arbitrator was entitled—

something that is not at all clear from plaintiff's submissions—plaintiff has failed to put forth anything but speculation that the higher fees affected the arbitrator's impartiality. Likewise, the telephone call in which the arbitrator professed his view that plaintiff desired discovery to use in another case against Verizon, insofar as it is a statement of his opinion, is insufficient to show partiality.

Therefore, plaintiff has failed to show evident partiality on the part of the arbitrator either because Verizon paid his fees or from the December 16, 2016, telephone conference.

D. Due Process

Plaintiff seeks to vacate those parts of the Decisions that constitute rulings of law. Plaintiff argues his consent to arbitration, which provides for an inferior system of justice without true judicial review, was involuntary. Therefore, plaintiff argues, his right to due process of law under the Fifth Amendment was violated.

"To state a [Fifth Amendment] Due Process claim, a plaintiff must show that: (1) state action (2) deprived him or her of liberty or property (3) without due process of law." Barrows v. Burwell, 777 F.3d 106, 113 (2d Cir. 2015).

Verizon argues plaintiff's claim fails because the Court's holding that plaintiff cannot show state action in the signing of the private arbitration agreement is law of the case.

The Court agrees.

The law of the case doctrine provides "when a court has ruled on an issue, 'that decision should generally be adhered to by that court in subsequent stages in the same case.'" United States v. Carr, 557 F.3d 93, 102 (2d Cir. 2009) (quoting United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002)). The doctrine is properly applied only when the parties had a full and

13

fair opportunity to litigate the initial determination.  See Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304 F.3d at 219.

"Application of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment."  Sagendorf-Teal v. Cty. of Rensselaer, 100 F.3d 270, 277 (2d Cir. 1996) (citation and internal quotation marks omitted).  A court "may depart from the law of the case for 'cogent' or 'compelling' reasons including an intervening change of law, availability of new evidence, or 'the need to correct a clear error or prevent manifest injustice.'"  Johnson v. Holder, 564 F.3d 95, 99–100 (2d Cir. 2009) (quoting United States v. Quintieri, 306 F.3d at 1230).  An intervening change of law requires a change in controlling law.  See Ali v. Mukasey, 529 F.3d 478, 490 (2d Cir. 2008).

In its December 12, 2013, Memorandum Decision, the Court rejected plaintiff's claim that the arbitration agreement unconstitutionally requires him to forfeit his Article III rights because there was no evidence "the government had anything to do with either Verizon's decision to include an arbitration agreement in its customer contracts, or Verizon's decision to compel arbitration with its customers."  (Doc. #39 at 10).  Thus, it is law of the case that the "requisite state action is absent" from plaintiff's agreement to arbitrate.  (Id. (quoting Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 206 (2d Cir. 1999)).

Plaintiff argues the Court's December 12, 2013, holding does not apply here because it did not deal with an identical issue to the one currently before the Court.  Plaintiff seems to rely on the difference between the Article III separation of powers claim previously before the Court and the Fifth Amendment due process claim currently before the Court.

Plaintiff's argument is inapposite because state action as to plaintiff's Fifth Amendment due process claim can be analyzed under the same framework as his Article III claim. See Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d at 206.

Plaintiff further argues Congress's enactment of FAA Section 10(a)(4) creates state action. Plaintiff's argument lacks any support. Further, it is unpersuasive as it would have this Court impute state action into every valid arbitration agreement.

Finally, plaintiff argues the Supreme Court's decision, Wellness Int'l Network, Ltd. v. Sharif, 135 S. Ct. 1932 (2015), constitutes an intervening change of law such that the Court should depart from the law of the case. Plaintiff argues Wellness Int'l Network, Ltd. v. Sharif "confirms by analogy" the need for plaintiff to be aware of the need for consent and the right to refuse arbitration. (Pl. Br. at 24).

The Court disagrees.

In Wellness Int'l Network, Ltd. v. Sharif, the Supreme Court held Article III of the Constitution permits bankruptcy judges to adjudicate Stern v. Marshall, 564 U.S. 462 (2011) claims—i.e., claims seeking only to augment the bankruptcy estate that would otherwise exist without regard to any bankruptcy proceeding—with the parties' knowing and voluntary consent. 135 S. Ct. at 1941, 1948. In contrast, plaintiff's due process claim deals with the constitutionality of waiving judicial review of arbitration proceedings. Thus, plaintiff's reliance on Wellness Int'l Network, Ltd. v. Sharif is misplaced.

It is law of the case that the requisite state action is absent in the signing of the arbitration agreement. Plaintiff's Fifth Amendment due process claim thus fails for lack of state action.

III.   Motion to Strike

Plaintiff seeks to strike all references in Verizon's opposition to Schatz v. Cellco P'ship, AAA Case No. 20-1300-1262 (Jan. 25, 2015)—an arbitration award—and Schatz v. Cellco P'ship, 2016 WL 1717212 (S.D.N.Y. Apr. 28, 2016)—the court decision confirming the award. Verizon cited the award and the decision confirming it for the proposition that the arbitrator did not manifestly disregard the law in holding GBL Section 349 does not permit general injunctive relief. (Opp'n at 10). Plaintiff argues the arbitration agreement governing the Schatz arbitration applies only to that case, and therefore any citations to it—and the decision confirming it—are prohibited.

Plaintiff's motion borders on the frivolous.

The language plaintiff relies on in the Schatz arbitration agreement states: "An arbitration award and any judgment confirming it apply only to that specific case; it can't be used in any other case except to enforce the award itself." (Doc. #84 at Ex. 1).

This language restricts the binding application of an award and judgment to the specific case and parties covered by the arbitration agreement. However, it says nothing about prohibiting arbitrators or courts from relying on the rationale of the award or judgment in other matters. And plaintiff offers no support for his argument that such language prohibits this Court from considering judicial precedent. Nor, in the Court's view, could he.

Therefore, the Court will not strike references in Verizon's opposition to the Schatz arbitration award and the court decision confirming the award.

16

**CONCLUSION**

Plaintiff's motion to partially confirm and partially vacate the arbitrator's decisions of October 28, 2016, and June 29, 2017, is GRANTED IN PART and DENIED IN PART.

Plaintiff's motion to strike and/or preclude is DENIED.

Defendant's motion to confirm the arbitrator's decisions of October 28, 2016, and June 29, 2017, is GRANTED.

The Clerk is instructed to terminate the pending motions (Docs. ##72, 83) and close this case.

Dated: April 17, 2018
       White Plains, NY

                            SO ORDERED:

                            _____
                            Vincent L. Briccetti
                            United States District Judge